UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DRYWALL TAPERS AND PAINTERS OF GREATER
NEW YORK LOCAL UNION 1974, etc.,

                                        Petitioner,

          -against-                                    26-cv-2142 (LAK)


TOPROCK INTERIORS, INC.,

                                        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/28/2026__

## MEMORANDUM AND ORDER
## CONFIRMING ARBITRATION AWARD

LEWIS A. KAPLAN, *District Judge.*

          This matter is before the Court on a petition brought under Section 9 of the Federal Arbitration Act ("FAA") to confirm an arbitration award entered in favor of petitioner Drywall Tapers and Painters of Greater New York Local Union 1974 against respondent TopRock Interiors, Inc.  The Court has jurisdiction and venue is proper because the underlying dispute arises under Section 301 of the Labor Management Relations Act ("LMRA")[1] and petitioner maintains its principal office in this district.[2]

### *Background*

          Petitioner and respondent entered a collective bargaining agreement on February 6, 2018.[3]  The parties bound themselves to follow the decisions and findings of petitioner's joint trade

---

[1] 29 U.S.C. § 185.

[2] Pet. (Dkt 1) ¶ 2.

[3] Kugielska Decl., Ex. B (Dkt 7-2).

2

board (the "Board") in the event of a labor dispute.[4]  As the Board described in its December 1, 2025 decision, on August 26, 2025, petitioner charged respondent with failing to register a job for overtime work with respect to several workers over two different days about a month apart, all in violation of the agreement.[5]  According to the Board, it conducted a hearing, deliberated following that hearing, found respondent "guilty" for the charged conduct, and fined respondent $3,000 for the violation.[6]  It directed respondent to make payment within ten days of receipt of the decision,[7] which petitioner mailed to respondent on December 1, 2025.[8]

According to petitioner, respondent failed to make payment or to respond to petitioner's subsequent demand letter.[9]  Petitioner therefore filed the present petition with this Court on March 16, 2026, and an affidavit of service on March 31, 2026.  Respondent has failed to respond or otherwise appear before the Court.  The time for doing so having passed, the Court treats the unanswered petition "as an unopposed motion for summary judgment" that is ripe for adjudication.[10]

## *Discussion*

Petitioner requests that the Court (1) confirm the arbitration award and (2) award petitioner legal fees.  The Court addresses each in turn.

*Arbitration Award*

The standard of review for an arbitration award is highly deferential.  "Normally, confirmation of an arbitration award is a 'summary proceeding that merely makes what is already

---

[4] *Id.* art. XIV.

[5] *Id.*, Ex. A (Dkt 7-1).

[6] *Id.*

[7] *Id.*

[8] *Id.*, Ex. D (Dkt 7-4).

[9] *Id.*, Ex. E (Dkt 7-5); Pet. (Dkt 1) ¶ 14.

[10] *See, e.g.*, *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

a final arbitration award a judgment of the court.'"[11]  Absent a motion to vacate, modify, or correct the award, the court "must" grant it.[12]  Even "'a barely colorable justification for the outcome reached' by the arbitrators is" sufficient to confirm the award.[13]  "Judicial deference particularly is warranted for an arbitration award under the LMRA, which 'is legitimate and enforceable as long as it "draws its essence from the collective bargaining agreement" and is not merely an exercise in the arbitrator's "own brand of industrial justice."'"[14]

Here, respondent has not moved to vacate, modify, or correct the award.  The Court therefore must grant the award.  There moreover is a colorable justification for the outcome reached and fine imposed here – the collective bargaining agreement provides that three or more failures to obtain overtime permits garners a fine of at least $3,000.[15]

*Legal Fees*

Petitioner further requests that the Court award attorneys' fees and costs incurred in bringing this petition.  Neither the FAA nor LMRA "provide the statutory authority to grant this request.  The Court, however, has the inherent power to award fees where a party or its counsel acts in bad faith," such as by "refus[ing] to abide by an arbitrator's decision without justification."[16]

The Court grants petitioner's request for fees and costs because respondent failed to abide by the Board's award and to appear before this Court.

---

[11] *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. Allied Design and Constr., LLC*, No. 17-cv-1752 (LAK), 2017 WL 11570457, at *2 (S.D.N.Y. June 27, 2017) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

[12] *D.H. Blair & Co.*, 462 F.3d at 110 (quoting 9 U.S.C. § 9).

[13] *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

[14] *Council of Carpenters Pension Fund*, 2017 WL 11570457, at *2 (quoting *Int'l Brotherhood of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

[15] Kugielska Decl., Ex. B (Dkt 7-2) art. XIII, § 6.

[16] *Council of Carpenters Pension Fund*, 2017 WL 11570457, at *2 (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).

4

## *Conclusion*

The petition (Dkt 1) is granted in all respects, and the underlying arbitration award is confirmed.  The Clerk of the Court is directed to enter judgment in favor of petitioner and against respondent in the amount of $3,000.  Petitioner may submit its request for fees and costs, including supporting documentation, no later than May 12, 2026.

SO ORDERED.

Dated:        April 28, 2026

_____
Lewis A. Kaplan
United States District Judge